**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 3, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 02-21175
Summary Calendar

CLINTON BOWERS,

Plaintiff-Appellant,

VERSUS

ANTHONY PRINCIPI, SECRETARY, DEPARTMENT OF VETERAN'S AFFAIRS,

Defendant-Appellee.

Appeal from the United States District Court
For the Southern District of Texas, Houston Division

(H-00-CV-3315)

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff Clinton Bowers appeals from the district court's grant of summary judgment to defendant Anthony Principi, in his official capacity as Secretary of the Department of Veteran Affairs (VA). Bowers alleges the VA discriminated against him on the basis

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of race and color in violation of Title VII of the Civil Rights Act of 1968; on the basis of age in violation of the Age Discrimination in Employment Act (ADEA); on the basis of disability in violation of the Rehabilitation Act; and in retaliation for engaging in a protected activity in violation of all three acts, by denying him a permanent file clerk position. The district court granted the VA complete summary judgment, finding that Bowers had failed to make out a prima facie case of race or disability discrimination, or of retaliation, and that he had failed to adduce sufficient evidence of pretext on his age and color discrimination claims.

We review the district court's grant of summary judgment de novo, employing the same criteria used in that court. Rogers v. International Marine Terminals, 87 F.3d 755, 758 (5th Cir. 1996). Here, we agree with the determinations of the district court. Bowers has failed to make out a prima facie case of race discrimination because he cannot show an employee outside of his protected class received better treatment on circumstances nearly identical to his. Bennett v. Total Minatome Corp., 138 F.3d 1053, 1062 (5th Cir. 1998). Bowers has not made out a prima facie case of disability discrimination because he has not shown that he is substantially limited one or more major life activities. 29 U.S.C. § 705(9)(B); see also Toyota Motor Mfg. Inc. v. Williams, 534 U.S. 184, 196-97 (2002) (interpreting identical term in the ADA context). Bowers has also failed to make out a prima facie case of retaliation because he did not engage in a protected activity prior

to the adverse employment action in question.  <u>Burger v. Central Apartment Management, Inc.</u>, 168 F.3d 875, 878 (5th Cir. 1999). Bowers' appeal of the district court's rulings on his age discrimination and color discrimination claims is waived for inadequate briefing.  <u>Raven Services Corp. v. NLRB</u>, 315 F.3d 499, 504 n.7 (5th Cir. 2002).[1]

The judgment of the district court is AFFIRMED.

---

[1]Bowers does not brief an appeal to the district court's grant of summary judgment to the VA on his Texas state law claims alleging intentional infliction of emotional distress, fraud, gross negligence and malice.  Therefore these issues are deemed waived on appeal.  <u>Raven Services</u>, 315 F.3d at 504 n.7.