United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 31, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 05-20510
Summary Calendar

CLINTON BOWERS,

Plaintiff - Appellant,

versus

ANTHONY J. PRINCIPI, SECRETARY, DEPARTMENT OF VETERAN'S AFFAIRS,

Defendants - Appellee.

Appeal from the United States District Court for
the Southern District of Texas, Houston
No. 4:04-CV-2201

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[1]

Clinton Bowers challenges the district court's grant of summary judgment, dismissing all of his claims, in favor of the Department of Veteran's Affairs. Bowers, pro se, brought suit claiming that the Department of Veteran's Affairs violated Title VII, the Age Discrimination in Employment Act (ADEA), and the Rehabilitation Act by refusing to hire him for five different positions with the VA based on his gender, race, age, and disability.[2] Reviewing this summary judgment de novo, respecting

---

[1] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2] Bowers is an African-American male, born in February 1947,

the same legal standards that the district court applied, see Lamar Adver. Co. v. Cont'l Cas. Co., 396 F.3d 654, 659 (5th Cir. 2005) (citations omitted), we affirm for the reasons stated below.

1. Under the Rehabilitation Act a plaintiff must establish both  1) that he has a disability; and 2) that the disability substantially limits one or more major life activities.  The district court correctly noted that Bowers has failed to put forth any evidence, or even to allege that he is limited in any "major life activity" as a result of his disabilities.  As such he has failed to meet his burden on any Rehabilitation Act claim and summary judgment was appropriate.[3]

2. To establish a claim based on retaliation for protected activity under Title VII, Bowers must demonstrate, among other elements, that the adverse employment action was taken as a result of his protected activity, i.e. "but for" his protected activity, the adverse employment action would not have been taken.  Although

---

who suffers from various physical conditions including diabetes and high blood pressure.  In addition, Bowers has a 50% service connected disability rating for purposes of receiving Veteran's benefits.  In his briefing Bowers repeatedly claims that by specifying his age, race, and disability in its summary judgment, the district court violated Bowers's constitutional rights under the Fourteenth Amendment.  The district court, however, was only setting forth the factual predicate for Bowers's claims, i.e., how he fits into the specific protected classes he alleges.

[3] The district court correctly noted the 2003 dispute between these parties in which we found that this plaintiff failed to demonstrate a disability under the Rehabilitation Act. See Bowers v. Principi, 70 Fed. Appx. 157 (5th Cir. July 3, 2003).  There is no evidence in the record to suggest a change in condition between that case and the current one.

2

he states that his protected activity was the reason the VA refused five times to hire him, Bowers has produced no evidence of the required causation. His statements alone are insufficient to survive summary judgment. As such the district court was not in error in denying Bowers's retaliation claims.

3. Bowers's Title VII and ADEA claims relate to the VA's refusal to hire him for five separate positions at the Michael DeBakey Veterans' Administration Medical Center in Houston, Texas: (1) Cemetery Representative, level GS-6, "Claim A"; (2) Cemetery Caretaker, "Claim B"; (3) temporary Supply Technician, level GS-2005-05, "Claim C"; (4) Supervisory Inventory Management Specialist, level, GS-11/12, "Claim D"; and (5) File Clerk, level GS-305-4, "Claim E". The district court was correct in granting summary judgment for the defendant as to each of these claims.

A. The previous employment experience outlined by Bowers on his job applications was insufficient to meet the requirements for the positions involved in Claim A and Claim D.[4] Because both Title VII and the ADEA require a plaintiff to demonstrate that he was qualified for the position sought, the district court was correct in finding that Bowers failed to put forth sufficient

---

[4] Bowers's argument that his military experience, as outlined on the applications, was a sufficient substitute for the qualification requirements of these positions fails as Bowers has put forth no evidence demonstrating that his military experience was equivalent to the requirements for these positions.

3

evidence to demonstrate a prima facie case as to both Claims A and D.

B. Although the plaintiff was qualified for the position involved in Claim B, the VA submitted affidavits demonstrating that the process used to select employees for that position was in no way violative of the law. Additionally, Bowers has presented no summary judgment evidence sufficient to establish that the process used was a pretext for discriminatory decisions. As such the district court was correct in granting summary judgment for the VA as to Claim B.

C. Claim C involved a position made temporarily available when the VA employee holding the position was placed on active military duty. Bowers was notified that he was not selected for the position when the original employee's military duty terminated early and the employee returned to the position. Title VII requires that the plaintiff suffer an adverse employment action. Bowers has failed to establish that the cancellation of a vacancy under these conditions constitutes an adverse employment action taken against him since the vacancy, which was only temporary, ended and no employment decisions were made. Further, Bowers has offered no evidence of illegal discrimination in any of the related events and circumstances. Consequently, summary judgment for the VA as to Claim C is appropriate.

D. Finally, Claim E involves a position for which members of the protected classes at issue were hired. Specifically the VA

4

hired two African-Americans, one of whom was male. As such Bowers failed to demonstrate that he was denied the position based on his membership in a protected class. Additionally, Bowers offered no evidence to refute the VA's legitimate non-discriminatory reasons for refusing to hire him.[5] Consequently, the district court was correct in granting summary judgment for the VA as to Claim E.

For these reasons the judgment of the district court is,

AFFIRMED.

---

[5] Specifically the VA produced evidence that Bowers was not among the best-qualified applicants for the position.

5