**Affirmed and Memorandum Opinion filed October 19, 2017.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-16-00687-CV

---

### LATASHA ROSE, Appellant

### V.

### HOUSTON INDEPENDENT SCHOOL DISTRICT, Appellee

---

**On Appeal from the 127th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2014-27763**

---

## M E M O R A N D U M   O P I N I O N

Appellant Latasha Rose appeals the trial court's dismissal of her claims against her former employer, Houston Independent School District ("HISD"). HISD did not renew Rose's teacher contract at the end of the 2011 school year, as part of a district-wide budget cut. The present lawsuit arises from HISD's decision to not rehire Rose when she applied for employment multiple times between August and November 2013. Rose claims HISD (1) retaliated against her in violation of the

Texas Commission on Human Rights Act, and (2) violated her liberty and property rights under Texas Constitution article I, section 19.

Concluding that the trial court properly dismissed Rose's claims, we affirm.

## Background

For the 2010-2011 school term, Rose was the Magnet Coordinator at HISD's High School for Law Enforcement and Criminal Justice ("HSLECJ"). At the beginning of the school year, Rose received an email from the school's principal stating that the school was denying admission to a student with disabilities. Rose forwarded the email to the student's mother. The student's mother complained to the school about the admission decision.

Roughly five weeks later, HISD transferred Rose to a different high school as a bookroom custodian, which Rose contends was "punishment" for forwarding the email. Rose filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging retaliation for opposing what Rose perceived as HSLECJ's discrimination against a disabled student. Rose alleges that HISD promised to reinstate her at HSLECJ if she dropped her EEOC complaint. She did and was reinstated as Magnet Coordinator at HSLECJ.

In the spring of 2011, HISD eliminated Rose's position as part of a district-wide reduction in force ("RIF") and therefore did not renew Rose's one-year contract. Rose challenged the non-renewal decision, which the school board, followed by the Commissioner of Education, upheld. Rose did not seek judicial review of the Commissioner's decision—relief available under the Education Code. *See* Tex. Educ. Code § 21.307 (an aggrieved party may perfect an appeal of the Commissioner's decision within 30 days); *see also Nairn v. Killeen Indep. Sch. Dist.*, 366 S.W.3d 229, 242 (Tex. App.—El Paso 2012, no pet.) ("To invoke judicial review of the Commissioner's Decision, Nairn was obligated to perfect an appeal to

2

the district court . . . .”).  Rose instead filed a separate civil suit against HISD, which was dismissed on appeal for Rose's failure to exhaust her administrative remedies. *See Houston Indep. Sch. Dist. v. Rose*, No. 01-13-00018-CV, 2013 WL 3354724, at *3, 5 (Tex. App.—Houston [1st Dist.] July 2, 2013, no pet.) (mem. op.) (“*Rose I*”). The nonrenewal of Rose's contract is not at issue in this current appeal.

According to both parties, Rose filed a second lawsuit against HISD and the Commissioner of Education, but there is nothing in our record revealing the nature of the claims asserted in the second lawsuit.  The only filing included in the present record is a March 14, 2014 order dismissing the second suit for want of subject-matter jurisdiction.  Accordingly, we do not consider any part of the second lawsuit in our analysis of Rose's current claims.

Alleging HISD's 2013 decision to not rehire her was retaliatory, Rose filed another charge of discrimination with the EEOC on November 23, 2013, which forms the basis of the present appeal.  The record shows that Rose applied for employment with HISD fourteen times between August 2013 and November 23, 2013, but was not hired.[1]

The EEOC issued a right-to-sue letter, and Rose timely sued.  She alleged a retaliation claim under the Texas Commission on Human Rights Act (“TCHRA”) and constitutional violations of protected liberty and property interests under the Texas Constitution article I, section 19.  She did not challenge HISD's 2011 decisions against renewing her contract or to eliminate her position—the claims forming the basis of *Rose I*—but instead alleged that HISD's refusal to subsequently rehire her when she applied for new positions is unlawful retaliation and a

---

[1] Although Rose's November 23, 2013 EEOC charge alleges that she applied for “many jobs at HISD and other ISDs over the last two years,” the charge claims retaliation only for the time period from August 2013 to November 23, 2013.

3

deprivation of her constitutional rights. Rose sought an injunction requiring HISD to rehire her as Magnet Coordinator, compensatory damages for HISD's retaliation, and a declaration that HISD violated her constitutional rights.

HISD filed a combined plea to the jurisdiction and motion for summary judgment, arguing that: (1) the trial court was without jurisdiction because Rose's claims, if true, represent prior exposure to illegal conduct and do not constitute a judicial controversy under the Texas Declaratory Judgment Act; (2) Rose's claims are barred by collateral estoppel; (3) Rose's claims are time-barred; (4) Rose failed to assert a constitutionally protected property or liberty interest; (5) Rose failed to exhaust her administrative remedies for her retaliation claim; and (6) Rose cannot present a prima facie case of retaliation.

The trial court granted HISD's plea, without specifying the grounds on which it ruled, and dismissed Rose's claims with prejudice.

Rose appeals the trial court's order granting HISD's plea to the jurisdiction.

### Standard of Review

HISD, as a political subdivision of the state,[2] is generally immune from suit and liability. *See Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694-95 & n.3 (Tex. 2003). The TCHRA waives a governmental employer's immunity from suit, but only if the plaintiff pleads a prima facie case of prohibited discrimination or retaliation. *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635-36 (Tex. 2012) ("In a suit against a governmental employer, the prima facie case implicates both the merits of the claim *and* the court's jurisdiction because of the doctrine of sovereign immunity."); *see also Mayfield v. Tarrant Reg'l Water Dist.*,

---

[2] The Texas Labor Code defines "[p]olitical subdivision" to mean, *inter alia*, "a county, municipality, special district, [or] school district . . . ." Tex. Lab. Code § 504.001(3).

4

467 S.W.3d 706, 711 (Tex. App.—El Paso 2015, no pet.) ("The legislature has waived governmental immunity for claims brought under the TCHRA provided the plaintiffs plead the prima facie elements of their claims."). Similarly, the Texas Constitution authorizes suits against political subdivisions for equitable or injunctive relief for violations of the Texas Bill of Rights. *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 148-49 (Tex. 1995) (citing Tex. Const. art. I, § 29). But this limited waiver of immunity exists only to the extent the plaintiff has pleaded a viable constitutional claim. *City of Houston v. Johnson*, 353 S.W.3d 499, 504 (Tex. App.—Houston [14th Dist.] 2011, pet. denied).

A plea to the jurisdiction challenges the trial court's subject-matter jurisdiction. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). A trial court's review of a plea to the jurisdiction challenging the existence of jurisdictional facts mirrors that of a matter-of-law motion for summary judgment. *KIPP, Inc. v. Whitehead*, 446 S.W.3d 99, 105 (Tex. App.—Houston [1st Dist.] 2014, pet. denied). A trial court must grant a plea to the jurisdiction "when the pleadings do not state a cause of action upon which the trial court has jurisdiction." *Harris County v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004).

We review the trial court's ruling on a plea to the jurisdiction de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). In a plea to the jurisdiction, a party may challenge either the pleadings or the existence of jurisdictional facts. *Id.* at 226-27; *see also Tex. Dep't of Transp. v. Olivares*, 316 S.W.3d 89, 95 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (citing, e.g., Rebecca Simmons & Suzette Kinder Patton, *Plea to the Jurisdiction: Defining the Undefined*, 40 St. Mary's L.J. 627, 651-52 (2009)).

As relevant here, HISD challenged jurisdictional facts. Accordingly, we consider relevant evidence submitted by the parties. *Miranda*, 133 S.W.3d at 227.

We take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts arising from such evidence in the nonmovant's favor. *Id.* at 228. If the relevant evidence is undisputed or a fact question is not raised relative to the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* If the evidence creates a fact question regarding the jurisdictional issue, the trial court cannot grant the plea, and the fact issue will be resolved by the fact finder. *Id.* at 227-28. This is essentially a traditional summary-judgment standard.[3] *See id*.

## Analysis

Though Rose challenges the trial court's ruling on HISD's plea in a single issue, we consider each of her two claims in turn.

## A. Retaliation

Rose's first claim is that HISD unlawfully retaliated against her, in violation of the TCHRA. *See* Tex. Lab. Code §§ 21.001 *et seq.*

### 1. *Statutory framework and applicable law*

The TCHRA was enacted to, *inter alia*, "provide for the execution of the policies of Title VII of the Civil Rights Act of 1964 and its subsequent amendments." *Id.* § 21.001(1). Title VII is a federal law that prohibits employers from discriminating against employees on the basis of sex, race, color, national origin, and religion. *See* 42 U.S.C. §§ 2000e *et seq.* Although Texas courts consider the TCHRA's plain language and binding precedent in interpreting the TCHRA, we also look to federal law for guidance when the TCHRA and Title VII contain the same

---

[3] With her response to HISD's plea, Rose submitted, but did not authenticate, a number of exhibits. HISD has not objected to the authenticity or accuracy of Rose's exhibits, either to the trial court or to this court, so we consider the evidence for purposes of this appeal.

6

or analogous statutory language. *See* Tex. Lab. Code § 21.001; *Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 505 (Tex. 2012); *Okpere v. Nat'l Oilwell Varco, L.P.*, 524 S.W.3d 818, 826 n.6 (Tex. App.—Houston [14th Dist.] 2017, pet. denied).

The TCHRA prohibits employers from retaliating against an employee who engages in one or more of the following protected activities: (1) opposing a discriminatory practice; (2) making or filing a charge; (3) filing a complaint; or (4) testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing. Tex. Lab. Code § 21.055.

There are two alternative methods by which a plaintiff can establish retaliation under the TCHRA. *See Garcia*, 372 S.W.3d at 634; *Quantum Chemical Corp. v. Toennies*, 47 S.W.3d 473, 476-77 (Tex. 2001). First, an employee can offer direct evidence of the employer's retaliatory actions or words. *Garcia*, 372 S.W.3d at 634. Direct evidence of retaliation is evidence that, if believed, proves the fact of retaliatory animus without inference or presumption. *See McNeel v. Citation Oil & Gas Corp.*, --- S.W.3d ---, 2017 WL 2959822, at *3 (Tex. App.—Houston [14th Dist.] 2017, no pet.); *see also Coll. of the Mainland v. Glover*, 436 S.W.3d 384, 392 (Tex. App.—Houston [14th Dist.] 2014, pet. denied).

Alternatively, because direct evidence of retaliation is a rarity in employment cases, courts allow retaliation claims to proceed based on indirect or circumstantial evidence. *See Russo v. Smith Int'l, Inc.*, 93 S.W.3d 428, 434 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). Under this second method, Texas courts follow the burden-shifting mechanism adopted by the Supreme Court in *McDonnell Douglas*. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973); *Glover*, 436 S.W.3d at 392. Under the *McDonnell Douglas* framework, as applied to the TCHRA, the plaintiff is entitled to a presumption of retaliation if he meets the initial burden of establishing a prima facie case. *See Thomas v. Clayton Williams Energy,*

7

*Inc.*, 2 S.W.3d 734, 739 (Tex. App.—Houston [14th Dist.] 1999, no pet.); *Garcia*, 372 S.W.3d at 634.[4]   A prima facie showing consists of evidence that: (1) the plaintiff engaged in one or more protected activities; (2) she suffered an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action. *See San Antonio Water Sys. v. Nicholas*, 461 S.W.3d 131, 137 (Tex. 2015).   A plaintiff presenting evidence of these three elements raises a presumption of retaliation because courts will deem the employer's challenged adverse acts, if otherwise unexplained, as more likely than not based on the plaintiff's protected activities. *See Thomas*, 2 S.W.3d at 739; *Garcia*, 372 S.W.3d at 634.  If the plaintiff fails to present evidence on each element of her prima facie retaliation claim against a school district, then her claim fails to invoke a waiver of governmental immunity from suit, thus mandating dismissal for want of jurisdiction. *See Nicholas*, 461 S.W.3d at 136 (noting that failure of proof at prima facie stage deprives trial court of jurisdiction); *Garcia*, 372 S.W.3d at 635-36; *Tex. Dep't of Family & Protective Servs. v. Whitman*, --- S.W.3d ---, 2016 WL 2854149, at *7-8 (Tex. App.—Eastland 2016, no pet.).

2. *Application*

Rose presents no direct evidence that HISD retaliated against her.  Thus, to avoid dismissal on HISD's jurisdictional plea, Rose was required to present circumstantial evidence establishing a prima facie case of retaliation. *See River Oaks L-M. Inc. v. Vinton-Duarte*, 469 S.W.3d 213, 226 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *Fort Bend Indep. Sch. Dist. v. Williams*, No. 01-13-00052-CV, 2013 WL 4779693, at *3, 7-8 (Tex. App.—Houston [1st Dist.] Sept. 5, 2013, no pet.) (mem. op.); *Garcia*, 372 S.W.3d at 634.

---

[4] There is no prima facie case requirement in the text of the TCHRA; rather, the elements of a prima facie case are products of case law. *See Garcia*, 372 S.W.3d at 638.

We begin by reviewing the administrative complaint forming the basis of her judicial suit, and then proceed to an analysis of Rose's prima facie case.

### a. Rose's charge of discrimination

"The crucial element of a charge of discrimination [or retaliation] is the factual statement contained" in the administrative complaint. *Preston v. Tex. Dep't of Family & Protective Servs.*, 222 F. App'x 353, 357 (5th Cir. 2007) (per curiam). Rose filed her EEOC charge of discrimination on November 23, 2013. Though the copy included in the record is barely legible, HISD included the text of Rose's complaint in its plea below and in its appellate brief. Rose has not disputed the accuracy of HISD's excerpt, so we quote that text, omitting HISD's added emphasis:

> I am a Black female teacher. I have a B.A. and an M.Ed., and Administrator's certification by TEA. I was employed by HISD for 13 years. I was the Magnet School Coordinator of High School for Law Enforcement. I recruited a student who is paraplegic, with limited usage of her hands-in 2010. The Principal Carol Mosteit didn't want the student to be in the school, and told me to exclude the student in violation of the law. I notified the student's parent. The student's parent reported Mosteit's illegal action to HISD Charles Brown, and the student was readmitted. I was transferred in violation of HISD policy to become the Textbook custodian at Lamar High School. I filed a grievance and was told I could return to the High School for Law Enforcement in January 2011, if I would drop my grievance. I did as I was told. I was told in March 2011 by Mosteit that my position was eliminating the Magnet School Coordinator's position. I was told I was a great employee but that my recruiting program was being RIFed for two years. I filed suit but this a state where ISD's have great power. I have applied for many jobs at HISD and other ISDs over the last two years, but I have not been contacted by HISD, and have not been hired by any other ISD clearly because of HISD's "not rehirable" label that they and Texas Association of School Boards (Insurance Co.) assign to any Professional Educator who challenges an ISD, specifically HISD for an action. As a result of my termination through the pretext of RIF, the school's enrollment has significantly dropped approximately 200

9

students since I was in the position. The person who has been assigned to the position is less qualified than I am.

HISD's High School for Law Enforcement has recently reopened my former position but not posted it for applications. I discovered that the position has been recently reopened and filled. I continue to be subjected to retaliation.

"We construe a claimant's charge of discrimination filed with the TWC [or EEOC] with utmost liberality; however, the charge must contain an adequate factual basis so that it puts the employer on notice of the existence and nature of the charges." *Tex. S. Univ. v. Rodriguez*, No. 14-10-01079-CV, 2011 WL 2150238, at *3 (Tex. App.—Houston [14th Dist.] June 2, 2011, no pet.) (mem. op.) (internal quotation omitted); *see also Lopez v. Tex. State Univ.*, 368 S.W.3d 695, 704 (Tex. App.—Austin 2012, pet. denied).

### b. Protected activity

The first prong of Rose's prima facie case is whether she engaged in an activity protected under the TCHRA. *See* Tex. Lab. Code § 21.055. Rose alleges that she engaged in protected activity by opposing HISD's discriminatory practices and filing a previous charge of discrimination. Construing her allegations liberally, we assume for purposes of Rose's prima facie case that she engaged in protected activity in 2010 when she opposed the school's allegedly discriminatory treatment of a disabled student and when she filed her 2010 EEOC complaint, which included allegations of discrimination. *See id.* §§ 21.055(1), 21.055(3).

### c. Adverse employment action

The second prong of Rose's prima facie case is to establish that HISD took an adverse employment action against her. *Id.* § 21.055; *Navy v. Coll. of the Mainland*, 407 S.W.3d 893, 900 (Tex. App.—Houston [14th Dist.] 2013, no pet.). Rose alleges that she suffered adverse employment actions when "her multiple applications to

HISD for employment opportunities were interfered with or denied." Under the TCHRA, we only consider allegedly adverse employment actions that occurred within 180 days preceding the date Rose filed her November 23, 2013 EEOC charge of discrimination. *See* Tex. Lab. Code § 21.202(a) ("A complaint under this subchapter must be filed not later than the 180th day after the date the alleged unlawful employment practice occurred."). According to Rose's application history, she applied for fourteen positions within HISD on November 20, 2013, which is the only activity occurring within the 180-day time period for which Rose has exhausted her administrative remedies under the TCHRA. *See id.* Rose contends that HISD's failure to hire her as to any of those fourteen applications for employment constitutes an adverse employment action under the retaliation statute.[5]

We first consider the preliminary question whether the TCHRA's anti-retaliation provision applies to an employer's decision to not hire a prospective employee. In its brief, HISD assumes that an employer's decision to not hire a prospective employee could qualify as "retaliation" under the TCHRA, as it does for a discrimination claim.[6] Section 21.055 prohibits an employer from retaliating against "a person" who opposes a discriminatory practice, makes or files a charge, files a complaint, or testifies, assists, or participates in any manner in an investigation, proceeding, or hearing. *Id*. § 21.055(1)-(4). Notably, the Act refers to a "person" as opposed to an "employee." At least one Texas court of appeals has assumed that an alleged failure to hire qualifies as an adverse employment action for

---

[5] Rose asks us to consider a broader universe of alleged adverse actions occurring both before the 180-day timeframe for TCHRA claims and after she filed her November 23, 2013, EEOC complaint. However, as stated, the Labor Code and binding precedent preclude consideration of these alleged events.

[6] Texas Labor Code section 21.051 explicitly states that the "failure or refusal to hire" an individual because of the prohibited characteristics listed is an actionable unlawful employment practice. *See* Tex. Lab. Code § 21.051.

11

purposes of the TCHRA's anti-retaliation provision. *See Crutcher v. Dallas Indep. Sch. Dist.*, 410 S.W.3d 487, 491, 493 (Tex. App.—Dallas 2013, no pet.). As the parties before us presume as much, we too assume arguendo that a failure to hire qualifies as an adverse employment action for purposes of Rose's prima facie burden.[7]

The factual statement of Rose's EEOC complaint also alludes to HISD's alleged failure to post Rose's prior position for applications and the decision allegedly to fill Rose's prior position. The record contains no evidence supporting these contentions. Because we cannot determine whether such an action occurred within the 180-day timeframe for exhausting her administrative remedies, we do not consider it as part of Rose's prima facie case. Moreover, the Labor Code indicates that an employer's alleged decision to hire someone other than the complainant does not constitute an unlawful employment practice. *See* Tex. Lab. Code § 21.061 ("In the absence of other evidence of an unlawful employment practice, evidence of the employment of one person in place of another is not sufficient to establish an unlawful employment practice.").

### d. Causal connection

Lastly, Rose was required to offer evidence on the third element of her prima facie retaliation claim: a causal connection between the protected activity and the adverse action. *See Barnes v. Tex. A&M Univ. Sys.*, No. 14-13-00646-CV, 2014 WL 4915499, at *4 (Tex. App.—Houston [14th Dist.] Sept. 30, 2014, no pet.) (mem. op.).

---

[7] Analogous federal precedent holds that Title VII's anti-retaliation provision covers employer actions "that would have been materially adverse to a reasonable employee *or job applicant.*" *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006) (emphasis added).

Evidence sufficient to establish a causal link between an adverse employment decision and a protected activity may include:

> (1) the employer's failure to follow its usual policy and procedures in carrying out the challenged employment actions; (2) discriminatory treatment in comparison to similarly situated employees; (3) knowledge of the discrimination charge or suit by those making the adverse employment decision; (4) evidence that the stated reason for the adverse employment decision was false; and (5) the temporal proximity between the employee's conduct and discharge.

*Crutcher*, 410 S.W.3d at 494 (citing *Green v. Lowe's Home Ctrs., Inc.*, 199 S.W.3d 514, 519 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) (discussing factors in context of termination of employment)).

We consider these factors with respect to Rose's assertion that she engaged in a protected activity in 2010 when she filed a grievance and EEOC charge in opposition to the school's allegedly discriminatory treatment of a disabled student, and that she suffered an adverse employment action in November 2013 when HISD failed to hire her.

Our record contains no evidence that HISD failed to follow its usual hiring policies or procedures regarding the jobs for which Rose applied. *See Donaldson v. Tex. Dep't of Aging & Disability Servs.*, 495 S.W.3d 421, 444 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). Rose also presents no evidence that the decision-makers had any knowledge of Rose's opposition to the school's allegedly discriminatory treatment of a disabled student. *See Mitchell v. Tex. Dep't of Crim. Justice*, No. 02-16-00100-CV, 2017 WL 632906, at *4 (Tex. App.—Fort Worth Feb. 16, 2017, no pet.) (mem. op.) ("The decision maker's knowledge, or lack thereof, about the plaintiff's protected activity may also be relevant to the causation inquiry."). Rose's November 2013 applications for employment do not reference

13

her 2010 protected activity, and she has neither identified the HISD decision-makers nor proved that they had knowledge of her alleged protected activity.

Critically, the years-long span between her 2010 protected activity and HISD's failure to hire Rose in November 2013 "is too long to establish that there was a causal connection." *Azubuike v. Fiesta Mart, Inc.*, 970 S.W.2d 60, 65 (Tex. App.—Houston [14th Dist.] 1998, no pet.) (two and one-half year gap is too long to establish causal connection), *disapproved of on other grounds by Glassman v. Goodfriend*, 347 S.W.3d 772, 781-82 (Tex. App.—Houston [14th Dist.] 2011, pet. denied); *see also Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001) (per curiam) (holding that action taken after twenty months "suggests, by itself, no causality at all"). The lack of a causal link between Rose's protected activity and HISD's failure to hire her is fatal to her prima facie case, and she is therefore not entitled to a presumption of retaliation. *See Thomas*, 2 S.W.3d at 739; *Garcia*, 372 S.W.3d at 634.

Ultimately, Rose's argument is one of subjective opinion. But "[Rose's] subjective belief as to the motivation for [the adverse employment action] does not suffice." *Bartosh v. Sam Houston State Univ.*, 259 S.W.3d 317, 330 (Tex. App.—Texarkana 2008, pet. denied) (citing *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 25 (Tex. 2000) (per curiam)); *see also Bowers v. Principi*, 172 F. App'x 623, 625 (5th Cir. 2006) (per curiam) ("Although he states that his protected activity was the reason the VA refused five times to hire him, Bowers has produced no evidence of the required causation. His statements alone are insufficient to survive summary judgment.").

Accordingly, based on the evidence submitted by the parties, we hold that Rose failed to meet her prima facie burden for her retaliation claim against HISD. As Rose has not "state[d] a claim" for retaliation under the Labor Code, *see*

14

*Nicholas*, 461 S.W.3d at 136, HISD did not waive its immunity from suit as to Rose's retaliation claim. *See Garcia*, 372 S.W.3d at 636; *Tex. Dep't of Aging & Disability Servs. v. Lagunas*, --- S.W.3d ---, 2017 WL 728368, at *3 (Tex. App.—El Paso 2017, no pet.). The trial court, therefore, did not have subject-matter jurisdiction over Rose's retaliation claim and appropriately granted HISD's plea on this ground. *See Garcia*, 372 S.W.3d at 636; *see also Williams*, 2013 WL 4779693, at *8 ("Because Williams has not established a prima facie case of retaliation, we hold the trial court lacks subject-matter jurisdiction over that claim.").

We overrule this part of Rose's issue.

## B.      Constitutional Claim

Rose's remaining claim is that HISD violated her constitutional rights under article I, section 19 of the Texas Constitution. *See* Tex. Const. art. I, § 19.

Article I, section 19 of the Texas Constitution provides:

Sec. 19.  DEPRIVATION OF LIFE, LIBERTY, ETC.; DUE COURSE OF LAW.  No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land.

*Id.*

To bring a due process claim, the plaintiff must first assert a liberty or property interest that is protected by article I, section 19 of the Texas Constitution. *See Concerned Cmty. Involved Dev., Inc. v. City of Houston*, 209 S.W.3d 666, 671 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) ("The Due Process Clause is only activated when there is some substantial liberty or property interest which is deserving of procedural protections.").[8]  If the plaintiff fails to assert a protected

---

[8] "While the Texas Constitution is textually different [than the federal Constitution] in that it refers to 'due course' rather than 'due process,' we regard these terms as without meaningful distinction." *Univ. of Tex. Med. Sch. v. Than*, 901 S.W.2d 926, 929 (Tex. 1995).

interest, the trial court lacks jurisdiction over the suit. *See Nat'l Collegiate Athletic Ass'n v. Yeo*, 171 S.W.3d 863, 870 (Tex. 2005) (where plaintiff "asserted no interests protected by article I, section 19 of the Texas Constitution," court held her claims had to be dismissed); *Concerned Cmty. Involved Dev.*, 209 S.W.3d at 672-73 (holding there was no subject-matter jurisdiction where appellant failed to assert any cognizable property interest); *Stafford Mun. Sch. Dist. v. L.P.*, 64 S.W.3d 559, 564 (Tex. App.—Houston [14th Dist.] 2001, no pet.).

In her pleading, Rose globally contends that "she had a protected liberty and/or property interest that she has been deprived without due course of law when [HISD] filled [Rose's] former position as magnet coordinator . . . without posting the job, informing [Rose] of the position's opening, inviting [Rose] to return, and/or inviting [Rose] to apply."

The Supreme Court's decision in *Board of Regents v. Roth* guides our analysis here, as it analyzed the boundaries of a teacher's alleged liberty and property interests in employment or potential employment.[9] *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564 (1972)). The court held that a teacher cannot attack a school's decision not to rehire him on the ground that he was denied procedural due process, unless he can show that the decision somehow deprived him of an interest in "liberty" or that he had a "property" interest in continued employment despite the lack of tenure or a new contract covering the year in question. *See id.* at 569-70.

According to the court, when a person is simply not rehired in one job while remaining free to seek another, his constitutional liberty interests are not implicated. *See id.* at 575. Further, while the Constitution safeguards "the security of interests

---

[9] In considering whether Rose has an interest protected by the Texas Constitution's guarantee of due course of law, we "look as usual to cases construing the federal constitutional guarantee of due process as persuasive authority." *Yeo*, 171 S.W.3d at 867 & n.14.

that a person has already acquired in specific benefits," the court held that to assert a property interest in the employment context a teacher must have more than an abstract desire for, or unilateral expectation of, future employment. *Id.* at 577. He must have a legitimate claim of entitlement to particular future employment, and such claim must have been created by some source external to the Constitution. *Id.*; *see also Yeo*, 171 S.W.3d at 870 n.19.

With this guidance in mind, we turn to whether Rose has asserted a protected liberty or property interest and, if so, whether HISD impermissibly infringed on those rights.

### 1. *Liberty interest*

In her response to HISD's plea, Rose stated that she "has not raised an infraction of her liberty interest." Rose also did not affirmatively advance any liberty interest in the trial court. We conclude that Rose waived or abandoned any argument regarding her due process claim based on an alleged violation of a protected liberty interest. *See Thornton v. Ne. Harris Cty. MUD 1*, 447 S.W.3d 23, 35 (Tex. App.— Houston [14th Dist.] 2014, pet. denied). Accordingly, though Rose raises the issue in her appellant's brief, we do not address it on appeal.

### 2. *Property interest*

In support of her constitutional property interest based argument, Rose contends that she has an objective expectancy in "access to" continued, future employment.[10] We disagree and conclude that Rose has not asserted a protected

---

[10] Relatedly, Rose contends she had a protected property interest in her "objective expectancy that she could appeal her RIF without retaliation or punitive push-back by [HISD]" and a right "to expect . . . [that] she would be placed in the entitled position of Magnet Coordinator," following her agreement to drop her 2010 grievance in exchange for returning to the HSLECJ. To the extent these arguments state any constitutionally protected property interest, the First Court of Appeals has held that Rose failed to exhaust her administrative remedies as to such claims, which implicate her previous employment contract. *See Rose I*, 2013 WL 3354724, at *3,

17

property interest. Rose cites no authority supporting her position, and, more fundamentally, demonstrates no more "than an abstract desire for, or unilateral expectation of, future employment." *Roth*, 408 U.S. at 577. A constitutionally protected property interest is a legitimate claim of individual entitlement grounded in state law which cannot be removed except for cause. *See Grounds v. Tolar Indep. Sch. Dist.*, 856 S.W.2d 417, 418 (Tex. 1993); *Govant v. Houston Cmty. Coll. Sys.*, 72 S.W.3d 69, 76 (Tex. App.—Houston [14th Dist.] 2002, no pet.). At the relevant time, Rose did not have an employment contract with HISD, so no existing property interests existed due to a contractual relationship. *Accord Killingsworth v. Hous. Auth. of City of Dallas*, 447 S.W.3d 480, 492 (Tex. App.—Dallas 2014, pet. denied) (prospective employee could not show legally protected property interest when no valid contract existed between the parties). Though Rose's purported property interest lies in "access to" future employment, the ability to apply for employment with HISD is an ability shared by the population generally and is not a uniquely legitimate claim of individual entitlement to a particular job.

Even assuming "access to future employment" qualified as a constitutionally protected property interest, the record shows she exercised the opportunity of access by applying for forty-six positions with HISD between 2012 and 2015, including fourteen different positions in a single day in November 2013. The record does not reflect that HISD refused to consider Rose's applications. Rose has not shown a legitimate claim of entitlement to future employment, created by some source external to the Constitution. *See Roth*, 408 U.S. at 577; *see also Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 430 (1982) ("The hallmark of property . . . is

---

5; *see also* Tex. Educ. Code §§ 21.201–.213; *Gutierrez v. Laredo Indep. Sch. Dist.*, 139 S.W.3d 363, 366-67 (Tex. App.—San Antonio 2004, no pet.) (Education Code "provide[s] procedures for teachers to follow in protesting their employment contracts"). Accordingly, we do not consider these arguments.

an individual entitlement grounded in state law, which cannot be removed except 'for cause.'").

\*     \*     \*

In the absence of a viable constitutional claim, HISD did not waive its immunity, and the trial court properly granted the plea as to Rose's constitutional claim. *See Johnson*, 353 S.W.3d at 504.

We overrule this part of Rose's issue.

**Conclusion**

Having overruled Rose's sole issue on appeal, we affirm the judgment of the trial court.

/s/     Kevin Jewell
Justice

Panel consists of Justices Boyce, Donovan, and Jewell.